# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2021

Lyle W. Cayce
Clerk

No. 20-10539
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LILLA HAIDDAR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-227-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

A jury convicted Lilla Haiddar of two counts of making a false statement in a passport application and one count of unlawful procurement of citizenship or naturalization.  She challenges the sufficiency of the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10539

evidence as to her conviction of unlawful procurement of citizenship or naturalization.

There are three elements to that offense: "(1) the defendant issued, procured, obtained, applied for, or otherwise attempted to procure naturalization or citizenship; (2) the defendant is not entitled [to] naturalization or citizenship; and (3) the defendant knows that he or she is not entitled to naturalization or citizenship." *United States v. Moses*, 94 F.3d 182, 184 (5th Cir. 1996). Haiddar does not dispute that the Government proved the first element, and she concedes that the evidence was sufficient to prove the superseding indictment's allegation that she was ineligible for naturalization due to the lack of good moral character. She contends that the evidence was insufficient to prove that she knew of her ineligibility.

The superseding indictment alleged that she lacked good moral character because in applying for naturalization, she gave false answers under oath indicating that she (1) had never given false or misleading information to any United States government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal; and (2) had never lied to any United States government official to gain entry or admission into the United States. The testimony of the immigration officer who adjudicated Haiddar's naturalization application established that Haiddar's responses to those two questions had a pivotal impact on her eligibility for naturalization.

Viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, we conclude that a rational juror could have found beyond a reasonable doubt that Haiddar knew that truthful responses to those questions would have made her ineligible for naturalization. *See Moses*, 94 F.3d at 184, 187. First, Haiddar originally left those two questions blank while answering all but one of the other questions in the naturalization application's section on "Good Moral Character." Then during her

2

naturalization interview, Haiddar corrected some noncritical aspects of her naturalization application while falsely maintaining, in the two questions at issue, that she had never lied to a United States government official to gain an immigration benefit. The evidence also showed that Haiddar had extensive experience with the immigration system, as she successfully obtained a C-1 visa, asylum, lawful permanent residency (LPR), naturalized citizenship, and a United States passport. From such evidence, a rational juror could have found that Haiddar treated the two questions at issue differently than other questions in the naturalization application, and a rational juror could have reasonably inferred that Haiddar did so because she knew that truthful responses to those two questions would bar her from naturalization. *See Moses*, 94 F.3d at 184, 187.

Given that conclusion, we need not reach Haiddar's arguments that the evidence also was insufficient to convict her under the Government's alternative theory that she was ineligible for naturalization based on her unlawful LPR status and knew of her ineligibility on that basis.

AFFIRMED.